# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **BANK OF AMERICA, NATIONAL** | § | |
| **ASSOCIATION** *successor by merger to* | § | |
| *LaSalle Bank National Association, as* | § | |
| *Loan Pool Trustee for EMAC* | § | |
| *OWNER TRUST 1999-1 f/k/a* | § | |
| *LaSalle National Bank,* **et al.,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:10-CV-1932-L (BK)** |
| | § | |
| **QUIK-WAY FOODS OF DALLAS,** | § | |
| **INC.,** ***et al.*** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Order of Reference* dated August 12, 2011, Plaintiffs'

*Motion for Attorneys' Fees* filed August 9, 2011, was referred to the undersigned for the issuance

of proposed findings, conclusions, and recommendation.  Having reviewed the pertinent

pleadings and applicable law, the Court recommends that Plaintiffs' *Motion for Attorneys' Fees*

(Doc. 33) be **GRANTED**.

On September 27, 2010, Bank of America, National Association, Successor by

Merger to LaSalle Bank National Association (f/k/a La Salle National Bank), as Loan Pool

Trustee for EMAC Owner Trust 1999-1, and Bank of America, National Association, Successor

by Merger to LaSalle Bank National Association (f/k/a La Salle National Bank), as Loan Pool

Trustee for EMAC Owner Trust 2000-1, (collectively "Plaintiffs") filed this action against Quik-

Way Foods of Dallas, Inc. ("Quik-Way"), Quikport, Ltd., ARG Partners, Ltd. (f/k/a GF Partners,

Ltd.), General Quik, Inc., Donald J. Golman, Richard T. Golman, and Alan L. Golman

(collectively "Defendants") for breach of loan agreements that were secured by, *inter alia*, deeds

of trust.  (Docs. 1; 32 at 1).  Defendants Quik-Way Foods of Dallas, Inc., ARG Partners, Ltd.,

General Quik, Inc., and Quikport, Ltd. (collectively "Quik Entities") are parents, subsidiaries,

and/or affiliates of each other, and are all subject to the same control.  Defendants Donald L.

Golman, Richard T. Golman, and Alan L. Golman (collectively, the "Golmans") are individuals,

each of whom has some ownership interest in and control over the Quik Entities. (Docs. 1; 32 at

2).  The Quik Entities are engaged in the business and operation of convenience stores.  (Doc. 1).

On July 25, 2011, the District Court granted Plaintiffs' *Application for Appointment of*

*Receiver* (Doc. 13), appointing a receiver for the properties encumbered by the Quik-Way Deed

of Trust, and instructed Plaintiffs to submit a motion for attorney's fees and costs.  (Doc. 32).

Plaintiffs filed the motion currently under consideration and aver that they are entitled to

attorney's fees related to bringing their *Application for Appointment of Receiver* (Doc. 13).

Plaintiffs contend they were the prevailing party as the issue of the appointment of a receiver and,

as such, are entitled to recover their attorneys' fees under the terms of three deeds of trust at issue

in this case.  (Doc. 33 at 3).  However, because the District Court's order only appointed a

receiver for "the properties encumbered by the Quik-Way Deed of Trust," the Court only

considers that deed of trust in determination of the present motion.  *See* (Doc. 32 at 11).

In pertinent part, the Quik-Way Deed of Trust, dated July, 14, 1998, states:

> "Grantor shall indemnify and hold Beneficiary harmless and defend it from any
> loss, liability, cost and expense (including without limitation attorneys' fees and
> disbursements) and all claims, actions, proceedings and suits arising out of, or in
> connection with, any lawful action by Beneficiary to enforce this Deed of Trust or
> any other Loan Document, whether or not any action, proceeding or suit is filed."

(Doc. 1-4 at 28).  The "Grantor" referenced in the Quik-Way Deed of Trust is Quik-Way Foods

of Dallas, Inc., and the "Beneficiary" referenced is Plaintiff Bank of America, as trustee, through

2

merger with LaSalle Bank National Association.  (Doc. 1-4).  The deed granted the Beneficiary and its successors and assigns a power of sale, right of entry, title, and interest in the Quik-Way Loan Properties.  (Doc. 1-4).

Defendants did not respond to Plaintiffs' motion.  *See* N.D. Tex. L.R. 7.1 (a response to an *opposed* motion must be filed within 21 days).  However, Defendants' counsel copied the Court on an email to Plaintiffs' counsel indicating Defendants are opposed to the motion only to the extent that it seeks attorney's fees from the individual Defendants who were not party to the deeds of trust.  Thus, the Court presumes that Defendants are unopposed to the motion as to the remaining Defendants.  Since the contractual basis for the award of attorneys' fees is the Quik-Way Deed of Trust, to which Quik Way Foods of Dallas, Inc., is the only Grantor, defense counsel's exception is well taken.

Accordingly, the Court finds that (1) the Quik-Way Deed of Trust referenced herein provides for the payment by Quik-Way of Dallas, Inc., of Plaintiffs' attorneys' fees incurred in this action to enforce the deed of trust; (2) Plaintiffs are the prevailing party in a significant issue, to-wit: its *Application for Appointment of Receiver*; and (3) the attorneys' fees sought are reasonable.  The Court recommends, then, that Plaintiffs' *Motion for Attorneys' Fees* (Doc. 33) be GRANTED as to Defendant Quik-Way Foods of Dallas, Inc., and that Defendant Quik-Way Foods of Dallas, Inc., be ordered to pay $22,899.10 in Plaintiffs' attorneys' fees.

**SO RECOMMENDED** on September 21, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4