IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION, successor by merger to LaSalle Bank National Association (f/k/a LaSalle National Bank), as Loan Pool Trustee for EMAC OWNER TRUST 1999-1, § § § § § § § | | |
| and § | | |
| BANK OF AMERICA, NATIONAL ASSOCIATION, successor by merger to LaSalle Bank National Association (f/k/a LaSalle National Bank), as Loan Pool Trustee for EMAC OWNER TRUST 2000-1, § § § § § § § | § § | CIVIL ACTION NO. 3:10-CV-1932-L |
| Plaintiffs, § § | | |
| v. § § | | |
| QUIK-WAY FOODS OF DALLAS, INC., QUIKPORT LTD., ARG PARTNERS, LTD. (f/k/a GF PARTNERS, LTD.), GENERAL QUIK, INC., DONALD L. GOLMAN, RICHARD T. GOLMAN and ALAN L. GOLMAN, § § § § § § § | | |
| Defendants. § | | |

**ORDER**

Before the court is Plaintiffs' Motion for Attorneys' Fees ("motion"), filed August 9, 2011. Defendants did not respond to Plaintiffs' motion.* This motion was referred to Magistrate Judge Toliver, who entered Findings, Conclusions, and Recommendation of the United States

---

\* Defendants' counsel copied the court on an email to Plaintiffs' counsel indicating that Defendants are opposed to the motion only to the extent that the motion seeks attorney's fees from individual defendants who were not a party to the deeds of trust at issue.

Magistrate Judge ("Report") on September 21, 2011. Defendants did not file objections to the Report.

On September 27, 2010, Bank of America, National Association, successor by merger to LaSalle Bank National Association (f/k/a LaSalle National Bank), as Loan Pool Trustee for EMAC Owner Trust 1999-1; and Bank of America, National Association, successor by merger to LaSalle Bank National Association (f/k/a LaSalle National Bank), as Loan Pool Trustee for EMAC Owner Trust 2000-1, (collectively, "Plaintiffs") filed this action against Quik-Way Foods of Dallas, Inc., ("Quick-Way"), Quikport Ltd., ARG Partners, Ltd. (f/k/a GF Partners, Ltd.), General Quik, Inc., Donald J. Golman, Richard T. Golman, and Alan L. Golman (collectively, "Defendants") for breach of loan agreements that were secured by, *inter alia*, deeds of trust. On July 25, 2011, the court granted Plaintiffs' Application for Appointment of Receiver (hereinafter, "Receiver Order"), appointing a receiver for the properties encumbered by the Quick-Way Deed of Trust and instructing Plaintiffs to submit a motion for attorney's fees and costs.

Plaintiffs now request $22,899.10 in attorney's fees, asserting they are the prevailing parties because the court determined in its Receiver Order, pursuant to Plaintiffs' Application for Appointment of Receiver, that a receiver was warranted. In support, Plaintiffs submit the declaration of Thomas M. Hanson of the law firm of Dykema Gossett PLLC ("Dykema"), who represents Plaintiffs in this matter. The declaration details the fees incurred on Plaintiffs' behalf by Dykema. The declaration and motion make clear that the amount requested by Plaintiffs is reasonable and commensurate with the amount typically charged in similar cases.

The Report details the relevant provision of the Quick-Way Deed of Trust that provides for attorney's fees and determines that: (1) the deed of trust provides for the payment by Quick-Way of Dallas, Inc. of Plaintiff's attorney's fees incurred in this action to enforce the deed of

trust; (2) Plaintiffs are the prevailing parties in a significant issue, namely their Application for Appointment of Receiver; and (3) the attorney's fees sought are reasonable. After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court.

For the reasons herein stated, the court **grants** Plaintiffs' Motion for Attorneys' Fees. Plaintiffs shall recover from Defendant Quick-Way of Dallas, Inc. the total amount of **$22,899.10**, which represents reasonable attorney's fees. The attorney's fees are to be paid within 30 days of this order.

It is so ordered this 6th day of January, 2012.

_____
Sam A. Lindsay
United States District Judge

**Order- Page 3**